IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANDREW JOE LEA, JR., )
)
          Petitioner, )
)
v. ) 1:19CV683
)
STATE OF NORTH CAROLINA, )
)
          Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, who appears to be a pretrial detainee in Alamance County, North Carolina, submitted a Letter in which he to attacks his bond and the pending state court criminal charges against him. Given the overall nature of Petitioner's filing, it appears that the appropriate vehicle for his claims, if one exists at all, is a habeas corpus petition under 28 U.S.C. § 2241. Therefore, the Court will construe the submission as a petition under § 2241. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner did not use the required § 2241 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

3. Petitioner's claims are not entirely clear from his filings, but Petitioner seeks to have this Court intervene in an ongoing state criminal proceeding. However, it is not ordinarily proper for this Court to do so. Such intervention could only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Further, Petitioner must exhaust his state court remedies as to the claims he raises. Such exhaustion is required under § 2241

just as it is for filing a petition under 28 U.S.C. § 2254. See <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 489–92 (1973). To the extent that Petitioner contends he is being subjected to unconstitutional pretrial detention, he does not give sufficient facts supporting its unconstitutionality. Therefore, the Court cannot evaluate his claim further at this time, but will evaluate it only if he makes a proper refiling at a later time.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow if he can state a claim for relief and intends to file in this Court.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2241 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition

which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 19th day of July, 2019.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**